UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOUNG

VERSUS

BP EXPLORATION & PRODUCTION
INC., ET AL.

CIVIL ACTION

NO: 11-1003

SECTION: "J"(1)

**ORDER**

Before the Court are Plaintiff James G. Young's Motion to
Strike Jury (Rec. Doc. 16), Defendant BP Exploration & Production
Inc.'s ("BP") opposition to same (Rec. Doc. 22), Plaintiff's
Reply (Rec. Doc. 30), and BP's Sur-reply (Rec. Doc. 32).  The
Court finds that the motion has merit.  The petition, filed in
state court prior to removal, invoked the Jones Act and the
"saving to suitors" clause of Title 28 U.S.C. 1333(1).  Thus, the
complaint solely invokes the Court's admiralty jurisdiction, such
that Plaintiff was not required to make a specific Rule 9(h)
designation.[1]  Further, only the plaintiff has the right to make
a jury demand based on the Jones Act.  See Rachal v. Ingram

---

[1] See FED. R. CIV. P. 9(h)(1) ("A claim cognizable only in the admiralty
or maritime jurisdiction is an admiralty or maritime claim for those purposes,
whether or not so designated.").

1

Corp., 795 F.2d 1210, 1217 (5th Cir. 1986).  Although BP asserts
that there are diversity and federal question grounds for this
Court's jurisdiction, Plaintiff did not allege these bases for
jurisdiction in his petition when he filed in state court.  As
the "master of his complaint," he alone was entitled to invoke
such bases of jurisdiction, and the existence of other
jurisdictional grounds in fact does not give rise to their legal
existence.  Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th
Cir. 2005) (stating that "the possible factual existence of
diversity between parties does not give rise to the legal
existence of diversity jurisdiction."); Rachal, 795 F.2d at 1216-
17 (where the plaintiff "asserted only admiralty and Jones Act
jurisdiction," the district court properly permitted amendment to
elect an admiralty action and struck jury demand).  The Court
construes Plaintiff's filings as a request not only to strike
BP's jury demand, but also to withdraw the jury demand that he
made when he filed his petition in state court.[2]  Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion to Strike Jury (Rec.
Doc. 16) be and is hereby **GRANTED**, and that this matter be
designated on the docket as a non-jury action.

---

[2] The Court rejects BP's argument that Plaintiff's motion was waived due
to lack of timeliness.  Plaintiff in his reply offered a reason for the tardy
nature of the motion, and the Court finds that the motion has merit.

2

New Orleans, Louisiana, this 19th day of January, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE