UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| YOUNG | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 11-1003 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | SECTION: "J"(1) |

**ORDER**

Before the Court are Plaintiff James G. Young's Motion to Strike Jury (Rec. Doc. 16), Defendant BP Exploration & Production Inc.'s ("BP") opposition to same (Rec. Doc. 22), Plaintiff's Reply (Rec. Doc. 30), and BP's Sur-reply (Rec. Doc. 32). The Court finds that the motion has merit. The petition, filed in state court prior to removal, invoked the Jones Act and the "saving to suitors" clause of Title 28 U.S.C. 1333(1). Thus, the complaint solely invokes the Court's admiralty jurisdiction, such that Plaintiff was not required to make a specific Rule 9(h) designation.[1] Further, only the plaintiff has the right to make a jury demand based on the Jones Act. See Rachal v. Ingram

---

[1] See FED. R. CIV. P. 9(h)(1) ("A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.").

1

Corp., 795 F.2d 1210, 1217 (5th Cir. 1986). Although BP asserts that there are diversity and federal question grounds for this Court's jurisdiction, Plaintiff did not allege these bases for jurisdiction in his petition when he filed in state court. As the "master of his complaint," he alone was entitled to invoke such bases of jurisdiction, and the existence of other jurisdictional grounds in fact does not give rise to their legal existence. Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005) (stating that "the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction."); Rachal, 795 F.2d at 1216-17 (where the plaintiff "asserted only admiralty and Jones Act jurisdiction," the district court properly permitted amendment to elect an admiralty action and struck jury demand). The Court construes Plaintiff's filings as a request not only to strike BP's jury demand, but also to withdraw the jury demand that he made when he filed his petition in state court.[2] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Jury (Rec. Doc. 16) be and is hereby **GRANTED**, and that this matter be designated on the docket as a non-jury action.

---

[2] The Court rejects BP's argument that Plaintiff's motion was waived due to lack of timeliness. Plaintiff in his reply offered a reason for the tardy nature of the motion, and the Court finds that the motion has merit.

New Orleans, Louisiana, this 19th day of January, 2012.

                                              _____
                                              CARL J. BARBIER
                                              UNITED STATES DISTRICT JUDGE