UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOUNG | CIVIL ACTION |
| VERSUS | NO: 11-1003 |
| BP EXPLORATION & PRODUCTION INC., ET AL | SECTION: "J"(1) |

**ORDER AND REASONS**

Before the Court are Defendant BP Exploration & Production Inc. ("BP")'s Motion in Limine to Exclude the Expert Testimony of Charles O. Bettinger, III, Ph.D. (Rec. Doc. 70), Plaintiff James G. Young's opposition to same (Rec. Doc. 78), and BP's reply (Rec. Doc. 89). The motion is set for submission on June 6, 2012 on supporting memoranda and without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This civil action arises out of an alleged accident at sea in which Plaintiff claims he was thrown from a fast response vessel ("FRV") during a training exercise. Plaintiff was

1

employed by Defendant Danos and Curole Marine Contractors, L.L.C. and was assigned to work on the THUNDER HORSE, a production drilling and quarters platform owned and operated by BP. Plaintiff was employed as a marine operation technician aboard the THUNDER HORSE and was assigned to work on several boats, including the FRV and other passenger lifeboats. Plaintiff alleges that while he was aboard the FRV and participating in a "man overboard" training drill, the boat's pilot—a BP employee—allegedly suddenly turned the vessel into a wave, which ejected Plaintiff from the FRV, causing him injury.

## THE PARTIES' ARGUMENTS

BP moves the Court to exclude the testimony and report of Plaintiff's expert economist, Charles O. Bettinger, III, Ph.D. BP asserts that Dr. Bettinger calculates Plaintiff's past lost wages without identifying the basis for the calculation or describing any methodology regarding the calculation. With respect to Plaintiff's future economic losses, BP avers that Dr. Bettinger assumes the value of fringe benefits Plaintiff received and assumes that the only job Plaintiff is capable of performing in the future is that of an EMT. BP argues that Dr. Bettinger is not qualified to offer expert opinion because he has failed (1)

2

to base his conclusions upon sufficient record evidence and (2) to explain in any way the methodology he used to reach his conclusions or to apply a reliable methodology to the facts. Essentially, BP argues that Dr. Bettinger provides raw numbers without any stated basis or any basis in the record. As an example of what it argues is proof that the opinion is based on facts that are clearly wrong, BP states that Dr. Bettinger's report states that Plaintiff has past fringe benefit losses of $24,173, has combined past and future fringe benefit losses of $78,452, and will be able to replace these fringe benefits with employment as an EMT by September 2013. BP argues that it is mathematically impossible for the alleged loss for 23 months of $24,173 to grow substantially to a total of $78,452 by September 2013. BP argues that Dr. Bettinger has not demonstrated that his opinions are the product of reliable principles and methods and that he applied such principles and methods reliably to the facts of this case.

Plaintiff argues that BP's motion should be denied. He asserts that Dr. Bettinger's report provides sufficient explanation for the expert's conclusions. He avers that if BP would like more details, BP should request clarification through written discovery or a deposition, rather than wait until over

3

two months after receipt of a report to move to exclude Dr. Bettinger's testimony altogether. Plaintiff argues that whatever differences exist in the methodologies and conclusions should be sorted out through the adversarial process, either through additional discovery or at trial. Plaintiff asserts that Dr. Bettinger's report provides sufficient explanation for his analysis. He points out that it appears BP has misinterpreted the report, in that the report indicates past lost fringe benefits of $24,173 and future fringe benefits of $78,452, for a total of $102,625. Finally, Plaintiff points out that Dr. Bettinger provided a supplemental report dated April 9, 2012 that incorporates the findings of a vocational expert, whose analysis provides a basis for Plaintiff's future earnings once he completes his EMT training.

In reply, BP reemphasizes that Dr. Bettinger simply provides numbers without any explanatory basis. BP argues that the vocational rehabilitation report relied upon by Dr. Bettinger in his supplemental report does not state the values of pre-accident fringe benefits or post-accident benefits under alternative employment. BP also argues that the mere fact that it could have deposed Dr. Bettinger does not relieve Plaintiff of the obligation to provide an expert with a report that is valid under

4

Federal Rule of Evidence 702.  Additionally, BP argues that Dr. Bettinger's supplemental report was one week late, and that it fails to cure the defects in the original report.  Finally, BP asserts that Dr. Bettinger's reports violate Federal Rule of Civil Procedure 26(a)(2)(B)(ii), in that they do not contain the facts or data considered by the witness in forming his opinion.

**DISCUSSION**

The purpose of investigating the relevance of expert reports is "to ensure that only reliable and relevant expert testimony is presented to the jury." Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-93 (1993)).  Thus, "[m]ost of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000). "Daubert requires a binary choice-admit or exclude-and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of Daubert, upon which BP's motion to exclude is premised, are no longer implicated, the Court finds that the motion to exclude expert testimony should be denied at this time. Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. As to the supplemental report, BP does not argue that it is prejudiced in Plaintiff's delay of approximately one week in disclosing the supplemental report. With respect to BP's argument under Rule 26, whether Dr. Bettinger's report sufficiently contains the facts or data considered by him in forming his opinion is a proper consideration for this Court in giving whatever weight Dr. Bettinger's potential testimony may deserve.

For the foregoing reasons, **IT IS ORDERED** that BP's Motion in Limine to Exclude the Expert Testimony of Charles O. Bettinger, III, Ph.D. (Rec. Doc. 70) is **DENIED**.

New Orleans, Louisiana, this 8th day of June, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE